JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISHANDA PATTON, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.;<br><br>Defendant. | Case No.: EDCV 18-903-MWF (KKx)<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT** |

This matter came before the Court on June 10, 2019, for a hearing on the Motion for Final Approval of Class Action Settlement and Motion for Final Approval of Attorneys' Fees, Costs, and Class Representative Enhancement Payment. Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order dated February 26, 2019. The Court has received no objections to the Settlement. The Court determines that Settlement is fair, adequate and reasonable.

Good cause appearing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement unless a different definition is set forth in this Order.

2. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the Settlement Classes and its members.

3. The Gross Settlement Fund of $300,000.00 appears to be the product of arm's length and informed negotiation and treats all Settlement Class Members fairly.

4. The Court certifies for purposes of implementing the Settlement Agreement, the Settlement Class consisting of: "all individuals in the United States of America who filled out Defendant's 'standard application form' permitting Defendant to obtain a consumer report verifying applicants' background and experience during the Class Period."

5. The Class Period of April 30, 2013 to April 30, 2018, is hereby made final.

6. The Class Notice was sufficient to inform Settlement Class Members of the terms of the settlement; their rights under the settlement; the processes for receiving a settlement distribution; their right to receive a share of the Net Settlement Fund or elect not to participate in the settlement or object to the settlement, including attorneys' fees and costs; and the date and location of the final approval hearing. The Class Notice was mailed to Class Members using their last known contact information. Therefore, the Court finds and determines that the Class Notice was complete and constitutionally sound and "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c).

7. No Class Members objected to the terms of the settlement.

8. There are five (5) individuals who have validly requested exclusion from the Settlement Class.

9. Pursuant to the Settlement Agreement, upon entry of this order, Plaintiff and each Settlement Class Member release and discharge the Release Parties pursuant to the following release:

> Upon final approval by the Court of the Settlement, and except as to such rights or claims as may be created by the Settlement, each Class Member who has not submitted a timely and valid Request for Exclusion, and without the need to manually sign a release document, in exchange for the consideration recited in the Settlement, on behalf of himself or herself and on behalf of his/her current, former, and future heirs, executors, administrators, attorneys, agents, and assigns, shall, and does hereby, fully and finally release Defendant and the other Released Parties as defined in Paragraph 1, from any and all claims of any kind whatsoever, whether known or unknown, whether based on common law, regulations, statute, or a constitutional provision, under state, federal or local law, arising out of the allegations made in the Action and that reasonably arise, or could have arisen, out of the facts alleged in the Action as to the Class Members, including, but not limited to, claims arising from the procurement of a consumer report on them by any of the Released Parties, and any other claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681b, et seq., whether willful, or otherwise, for declaratory relief, statutory damages, punitive damages, costs, and attorneys' fees. Notwithstanding the foregoing, nothing in the Settlement releases any claims that cannot be released as a matter of law.

10. The Court orders the Parties to carry out the terms of this order and to implement the Settlement Agreement according to its terms including the calculations and the payments to made.

11. The Court hereby finds that Plaintiff and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the settlement. The Court hereby confirms Kingsley & Kingsley, APC as Class Counsel in the Action.

12. The Court hereby finds the unopposed application of Class Counsel for a costs and attorneys' fees award provided for under the proposed Settlement to be fair and reasonable in light of all the circumstances and is hereby granted. Of the Gross Settlement Fund, $75,000 or 25% shall be paid for attorney fees and $1,000.00 shall be paid for litigation costs.

13. The unopposed application of Class Counsel for a Service Award is hereby granted. Of the Gross Settlement Fund, a $5,000.00 Enhancement shall be allocated to Named Plaintiff Crishanda Patton.

14. The unopposed application of Class Counsel for claims administration fees to Rust Consulting, Inc. is hereby granted. Of the gross settlement amount, $25,000.00 shall be paid for settlement administration fees.

15. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Agreement and the Final Approval Order.

16. This document shall constitute a Final Judgment for purposes of Federal Rule of Civil Procedure 58. This Judgment is intended to be a final disposition of the above-captioned action in its entirety.

17. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Order.

18. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: August 6, 2019

_____
MICHAEL W. FITZGERALD
United States District Judge